FILED
2001 JAN 10 AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 10 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

RALPH SANCHEZ, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 00-C-0320
)
BRENT C. THOMAS, ET AL., )
)
Defendants. )

MEMORANDUM OF OPINION

On July 17, 2000 the magistrate judge filed his Findings and Recommendation (document #19) recommending dismissal for lack of standing. On August 7, 2000 the undersigned district judge entered a Final Judgment (document #22) overruling plaintiff's objections and dismissing the action. On November 7, 2000 the Final Judgment was vacated as it appeared that the magistrate judge had failed to inform plaintiff prior to entering findings and recommendation that defendants' motions to dismiss were being construed as motions for summary judgment. (Document #33). By order dated November 9, 2000 plaintiff was the advised of the provisions of Rule 56 and offered an opportunity to file counter-affidavits and other evidence. (Document #34). On December 19, 2000 an order was entered which permitted plaintiff an opportunity to submit affidavits in opposition to the motions for summary judgment on or before December 27, 2000. The order further advised plaintiff that the court would not entertain a late submission. (Document #47). On December 19, 2000 plaintiff filed an objection to denial of plaintiff's motion for preliminary hearing to determine standing (document #48) which was denied on December 20, 2000 (document #49). The motion (document #48) was accompanied by an affidavit in which plaintiff states "standing is a genuine issue of material fact." On December 27, 2000 plaintiff filed a brief in support of his affidavit in opposition to the motion for summary judgment.

50

While there <u>may</u> be "facts" in dispute, the court finds that such factual disputes are wholly irrelevant to the issue of standing. At best, plaintiff alleges that should he violate any of the misdemeanor motor vehicle statutes of Alabama while in Clay County, Alabama, his constitutional rights would again be violated by defendants. Plaintiff's conclusory allegation does not support a finding that there is any reasonable likelihood that he will suffer a future injury. The court further concludes that the remedy expressly sought by plaintiff, i.e., declaratory judgment, would not redress plaintiff's past injury nor could it shield plaintiff from a similar injury in the future.

The magistrate judge's findings and recommendation is due to be RE-ADOPTED and RE-ACCEPTED and this action is due to be DISMISSED or, alternatively, defendants' motions for summary judgment are due to be GRANTED based on plaintiff's lack of standing.

This court will <u>not</u> entertain any post-judgment motions having already done so once.

DONE this the 9th day of January, 2001.

_____
U. W. CLEMON
CHIEF UNITED STATES DISTRICT JUDGE